UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

STEPHEN DAY,

    Plaintiff,

v.

JAMIE HARRIS, JOHN BUNCICH,
SHERIFF, LAKE COUNTY, INDIANA,
JAMES LIETZ, CITY OF HAMMOND,
WILLIAM FORGEY, M.D., and
CORRECTIONAL HEALTH INDIANA,
INC.,

    Defendants.

CAUSE NO.: 2:18-CV-316-TLS

## OPINION AND ORDER

This matter is before the Court on the Defendants', Jamie Harris [ECF No. 14], Correctional Health Indiana, Inc. and William Forgey, M.D. [ECF No. 18], and City of Hammond and James Lietz [ECF No. 20], Motions to Dismiss for Failure to State a Claim.

## BACKGROUND

The Plaintiff, Stephen Day, filed a Complaint [ECF No. 1] on August 27, 2018. The Plaintiff alleges that Defendant James Lietz, an employee and agent of the City of Hammond, Indiana, maliciously filed a complaint with the Lake County Prosecutor's office on March 19, 2015, that falsely accused the Plaintiff of murder, which resulted in his "being falsely arrested, imprisoned, and prosecuted." (Pl.'s Compl. 2, ¶ 8.) The Plaintiff alleges that Defendants John Buncich, Jamie Harris, and Lietz accessed the "Spillman & Clear" system and manipulated the data therein. (*Id*. 2, ¶ 11.) The Plaintiff alleges that, as a result of the Defendants' actions, criminal charges were brought against him. (*Id.* 2, ¶ 12.) A jury found the Plaintiff not guilty of the criminal charges on August 26, 2016. (*Id*. 3, ¶ 13.) Among other things, the Plaintiff alleges

that he suffered loss of employment and income, was infected with and inadequately treated for "Mersa,"[1] and was physically assaulted while incarcerated. (*Id*. 3, ¶ 15; 5, ¶ 8) Additionally, the Plaintiff alleges that the Defendants willfully exposed him to injury and he suffered injuries at Defendants' direction or under the responsibility of the Defendants' care. (*Id*. 3, ¶ 15.)

The Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. The Plaintiff also alleges pendant state law tort claims of "malicious and false imprisonment improper healthcare treatment and sanitation failures in the Lake County Jail" and a § 1988 claim.[2] On September 19, 2018, Defendant Jamie Harris filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 14]. On October 17, 2018, Defendants Correctional Health Indiana, Inc. and William Forgey, M.D. filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 54(b) [ECF No. 18]. On October 22, 2018, Defendants City of Hammond and James Lietz filed a Motion to Dismiss pursuant to Rules 8, 12(b)(6), and 54(b) [ECF No. 20]. These same five Defendants filed Motions for Summary Rulings [ECF Nos. 22–24]. The Plaintiff has not filed a response to any of the motions to dismiss or the motions for summary ruling, and the time to do so has passed. On May 22, 2019, Defendant Buncich filed an Answer.[3]

---

[1] The Court understands that the Plaintiff means to allege he was infected with "MRSA," which refers to antibiotic resistant bacterium, methicillin-resistant staphylococcus aureus.

[2] As the Court understands that the Plaintiff brings the § 1988 claim as a standalone claim against all the Defendants, it is addressed in a separate section of this Opinion and Order for clarity.

[3] As a preliminary matter, the Court notes that there is some confusion as to whether the Plaintiff seeks to sue Defendant John Buncich as "John Buncich, Sheriff, Lake County, Indiana" or whether the Plaintiff seeks to sue "John Buncich, Sheriff" and "Lake County, Indiana" as separate entities. The Court's analysis proceeds under the presumption that the Plaintiff intended to sue "John Buncich, Sheriff, Lake County, Indiana" as one entity.

**STANDARD OF REVIEW**

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**ANALYSIS**

The Plaintiff appears to bring a variety of federal and state law claims against all the Defendants but does not separate the allegations by Defendant, federal claims, or state law claims, compelling the Court and the moving Defendants to do so. The Court interprets the Plaintiff's Complaint to bring claims under the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 against all Defendants for malicious prosecution, false imprisonment, and medical malpractice. The Plaintiff also brings pendant state law claims alleging the same against all the Defendants. Finally, the Plaintiff brings a claim pursuant to 42 U.S.C. § 1988. For clarity and as the Defendants, except for Defendant Buncich, have filed separate Motions to Dismiss, the Court

will address the Defendants' Motions to Dismiss and their arguments regarding the Plaintiff's federal and state law claims separately.

**A.      Defendant Jamie Harris**

Defendant Harris argues that the Plaintiff fails to state a claim against him pursuant to Rule 12(b)(6) because the Complaint fails to meet the facial plausibility standard, does not raise a right to relief beyond the speculative level, and was filed outside the applicable statute of limitations. Defendant Harris argues that the Plaintiff's only allegation against Harris specifically—that Harris "accessed the Spillman and Clear system, manipulating the data"—fails to state a claim for relief. (Def.'s Mem. in Supp. of Mot. to Dismiss at 2, ECF No. 15.) The Defendant argues that there are no specific allegations that Defendant Harris was involved in the arrest, incarceration, or medical treatment of the Plaintiff. (*Id*. at 5.) Thus, the Defendant argues, the Complaint fails to raise even a prima facie case for violations of the Fourth, Fifth, Thirteenth and Fourteenth Amendments. (*Id*.)

The Plaintiff brings claims against all the Defendants under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

As there is no federal statute of limitations for § 1983 actions, courts apply the statute of limitations governing personal injury actions in the state where the injury took place. *Serino v*

*Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in Indiana Code § 34-11-2-4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). Section 34-11-2-4 requires an action for "injury to person or character . . . be commenced within two (2) years after the cause of the action accrues." Ind. Code § 34-11-2-4(a). Although state law supplies the tolling rules, the accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual of § 1983 claims occurs "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Id.*; *see also Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). In other words, "a personal injury claim raised under § 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Regains*, 918 F.3d at 533 (quoting *Serino*, 735 F.3d at 591).

Regarding the Plaintiff's state law claims, in Indiana, the statute of limitations applicable to a claim of false arrest, false imprisonment, and malicious prosecution is two years. *Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008) (false arrest and false imprisonment); *Commercial Credit Corp. v. Ensley*, 264 N.E.2d 80, 85 (Ind. Ct. App. 1970) (malicious prosecution); *see also* Ind. Code § 34-11-2-4 (providing that an action for injury to a person must be brought within two years after the cause of action accrues). Under Indiana law, "the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (quotation omitted).

Defendant Harris contends that the Plaintiff's claims are time-barred. (Def.'s Mem. in Supp. of Mot. to Dismiss at 7.) The Plaintiff states his injuries occurred between March 19,

5

2015, and August 26, 2016, and he filed his Complaint until August 27, 2018.[4] As the statute of limitations begins to run differently based on the events alleged, the Court will consider them separately. Additionally, the Court notes that false arrest and malicious prosecution claims should be addressed separately and not be conflated. *Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir. 1997).

**1.** *Plaintiff's False Arrest Claim*

The Plaintiff argues that he was falsely arrested as a result of a maliciously filed complaint. (Pl.'s Compl. ¶ 8.) The Supreme Court has held that the accrual date for a false arrest claim is the date the arrestee becomes detained. *Wallace*, 549 U.S. at 388. The Plaintiff's Complaint does not specify when the Plaintiff was arrested, but logically the arrest must have occurred before the Plaintiff was found not guilty in August 2016. It is not premature to dismiss a complaint that does not anticipate an affirmative defense when the Plaintiff has plead himself out of court and presented facts that show his suit is time-barred, as the Plaintiff has done here. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *see also Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Accordingly, the Court DISMISSES WITH PREJUDICE the Plaintiff's federal claims for false arrest against Defendant Harris.

Regarding the Plaintiff's state law false arrest claim, Indiana courts follow the Supreme Court's holding that a cause of action for false arrest accrues when the criminal defendant was bound over for trial. *See Johnson*, 885 N.E.2d at 30–31 (applying the common law principles set out in *Wallace*, 549 U.S. 384). The Plaintiff's Complaint fails to specify when the Plaintiff was bound over for trial. It follows, however, that this must have occurred well before he was found

---

[4] The Court notes that August 26, 2018, was a Sunday.

not guilty in August 2016. As with his federal false arrest claim, the Plaintiff has demonstrated that his claim is time-barred. Accordingly, the Court DISMISSES WITH PREJUDICE the Plaintiff's state law claims for false arrest.

2.     *Plaintiff's False Imprisonment Claim*

Determining whether the Plaintiff's federal false imprisonment claim is time barred is somewhat more complicated. The Plaintiff does not state in his Complaint when his alleged false imprisonment began or whether he remained in custody, posted bond, or was released from custody. If a plaintiff remains in custody, the claim accrues at the time the individual is brought before a magistrate or arraigned on charges. *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010) (citing *Wallace*, 549 U.S. 384). If the plaintiff posts bond or is released from custody, the claim accrues at the time of release. *See Bedree v. Estate of Lebarnoff*, No. 1:04-CV-427, 2008 WL 756161, at *4 (N.D. Ind. Mar. 21, 2008). Regardless, the Court understands that the Plaintiff's claim for false imprisonment necessarily began more than two years prior to the filing of his Complaint under either scenario and is thus time barred. The Court DISMISSES WITH PREJUDICE the Plaintiff's federal claim for false imprisonment against Defendant Harris.

The statute of limitations in Indiana for the Plaintiff's state law false imprisonment claim is the same as false arrest—the cause of action accrues when the criminal defendant was bound over for trial *See Johnson*, 885 N.E.2d at 30–31. As discussed above, the Plaintiff does not state when he was bound over for trial. Regardless, as with the Plaintiff's federal claim, the Plaintiff's state law claim for false imprisonment must have necessarily began more than two years prior to the filing of his Complaint. The Court DISMISSES WITH PREJUDICE the Plaintiff's state law claim for false imprisonment against Defendant Harris as it is time-barred.

7

### 3. *Plaintiff's Malicious Prosecution Claim*

The cause of action for a plaintiff's malicious prosecution claim under federal law does not accrue until the prosecution terminates in the plaintiff's favor. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 293 F.3d 892, 900 (7th Cir. 2001). As the prosecution did not end in the Plaintiff's favor until August 26, 2016, this claim is not time barred. Still, as the Court understands that the Plaintiff brings his federal malicious prosecution claim pursuant to § 1983, the Plaintiff must state a predicate constitutional violation in support of his malicious prosecution claim. *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014); *Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir. 1997) ("A plaintiff bringing a federal malicious prosecution claim must first clear the preliminary hurdle of stating a cognizable constitutional violation before his § 1983 action can go forward."); *Reichenberger v. Pritchard*, 660 F.2d 280, 284–85 (7th Cir. 1981) ("The first inquiry in any [§] 1983 suit is whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States.").

"There is no such thing as a constitutional right not to be prosecuted without probable cause." *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (quoting *Serino*, 735 F.3d at 593).Thus, the Court understands that the basis for the Plaintiff's malicious prosecution claim appears to lie in the Fourth Amendment and the alleged lack of probable cause for his pretrial detention. The Supreme Court has recently clarified that a claim for unlawful pretrial detention beyond the start of legal process is sufficient to state a violation of the Fourth Amendment. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918–19 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *see also Lewis v. City of Chicago*, 914 F.3d 472, 474–76 (7th Cir. 2019).

In this case, the Plaintiff fails to plead that the Defendants violated his Fourth Amendment right based on a lack of probable cause for his arrest and detention. The Plaintiff's allegation that Defendant Harris "accessed the Spillman & Clear system, manipulating the data therein under circumstances where it was inappropriate to do so" (*Id*. 2, ¶ 11) is insufficient to demonstrate that there was a lack of probable cause for his arrest and detention. The Plaintiff fails to state a claim for relief, and the Court DISMISSES WITHOUT PREJUDICE the Plaintiff's federal claim for malicious prosecution against Defendant Harris.

As with the Plaintiff's federal claim, the statute of limitations for the Plaintiff's state law malicious prosecution claim begins to accrue when the proceedings are terminated in the plaintiff's favor. *Ensley*, 264 N.E.2d at 85–86. The Plaintiff's state law claim for malicious prosecution fails for the same reason as his federal claim. *See City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001) (recognizing that one of the elements of a state law malicious prosecution claim is that the "defendant has no probable cause to institute the action"). The Plaintiff failed to adequately plead that the Defendant arrested him without probable cause. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the Plaintiff's state law claim for malicious prosecution against Defendant Harris.

### 4.  *Plaintiff's Alleged Injuries During Incarceration*

The Plaintiff alleges that he was assaulted and suffered medical malpractice in jail. (Pl.'s Compl. ¶ 15.) The Court understands that the Plaintiff brings both federal and state medical malpractice claims against all Defendants. Defendant Harris argues that the Plaintiff fails to state a claim for relief against Harris regarding the alleged injuries the Plaintiff suffered during his incarceration. (Def.'s Mem. in Supp. of Mot. to Dismiss at 5–6.)

The Plaintiff fails to articulate how Defendant Harris is responsible for the Plaintiff's alleged medical malpractice claims or assaults suffered in jail for either his federal or state law

claims. "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981); *Novelty, Inc. v. RCB Distrib., Inc.*, No. 1:08-CV-418, 2008 WL 2705532, at *1 (S.D. Ind. July 9, 2008). Therefore, the Plaintiff has failed to state a claim upon which relief can be granted against Harris for the injuries suffered during incarceration and the Court DISMISSES WITHOUT PREJUDICE the Plaintiff's claims for medical malpractice and assault against Defendant Harris.

Pursuant to Rule 12(b)(6), Defendant Jamie Harris' Motion to Dismiss [ECF No. 14] is GRANTED. The federal and state claims alleging false arrest and false imprisonment against Defendant Harris are DISMISSED WITH PREJUDICE, and the Plaintiff's federal and state claims of malicious prosecution, medical malpractice, and assault against Defendant Harris are DISMISSED WITHOUT PREJUDICE.

**B.      Defendants Correctional Health Indiana, Inc. and William Forgey, M.D.**

Defendants Correctional Health Indiana, Inc. and William Forgey, M.D. argue that the Plaintiff's Complaint fails to state a claim on several grounds. These Defendants argue that the Plaintiff's § 1983 claims of wrongful arrest and incarceration arising from his prosecution by the Lake County Prosecutor do not make any allegations against Defendants Correctional Health Indiana, Inc. or William Forgey, M.D. (Defs.' Mem. in Supp. of Mot. to Dismiss at 2, ECF No. 19.) In addition, the Defendants argue that the Plaintiff's remaining allegations in Count II, that the Defendants treated a MRSA infection with substandard care, fail to implicate his civil rights under the Fourth, Fifth, Thirteenth, or Fourteenth Amendments and are not actionable under § 1983. (*Id*. at 4.) Finally, the Defendants argue that the Plaintiff's Complaint fails to make out a duty of medical malpractice under Indiana state law. The Plaintiff did not offer any argument in response.

As argued by the Defendants, the Plaintiff's conclusory allegations that these Defendants committed abuse of process and false imprisonment are insufficient to survive a motion to dismiss. A general assertion that these Defendants had engaged in certain acts or deprived the Plaintiff of his constitutional rights is too general to state a plausible claim for relief against any of them. *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The Plaintiff fails to allege that these Defendants specifically committed abuse of process and false imprisonment. As such, Count I and Count II §§ 1-7 of the Complaint state no plausible claim for relief against these Defendants for those claims and these claims must be dismissed.

Additionally, the Plaintiff's § 1983 claim that these Defendants provided substandard treatment for a MRSA infection he contracted in jail must fail. As discussed, the first inquiry in a § 1983 claim is whether there has been a predicate constitutional violation. The Plaintiff alleges only that he was "improperly" treated. (Compl. p. 5, ¶ 7.) For a medical malpractice claim, the plaintiff must show that the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 351 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2470, 192 L. Ed. 2d 416 (2015)). It is well-established that simple medical malpractice, which the Plaintiff appears to allege, is not a constitutional violation. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *Voss v. Indiana Dep't of Corr.*, No. 3:07-CV-449, 2008 WL 2323787, at *4 (N.D. Ind. June 2, 2008); *Bishop v. Ind. Tech. Vocational Coll.*, 742 F. Supp. 524, 525 (N.D. Ind. 1990). Therefore, the Plaintiff fails to state a claim against these Defendants pursuant to § 1983 for medical malpractice.

The Court understands that the Plaintiff also brings a state law medical malpractice claim. In Indiana, the Indiana Medical Malpractice Act governs medical malpractice claims. *Jeffries v. Clark Mem'l Hosp.*, 832 N.E.2d 571, 573 (Ind. Ct. App. 2005). "Before a medical malpractice

action may be commenced in any court of [Indiana], the Medical Malpractice Act requires that a proposed complaint be presented to a medical review panel and an opinion rendered by the panel." *H.D. v. BHC Meadows Hosp., Inc.*, 884 N.E.2d 849, 853 (Ind. Ct. App. 2008); Ind. Code § 34-18-8-4. The Plaintiff offers no indication that he complied with the Indiana Medical Malpractice Act, therefore the Plaintiff cannot proceed on his medical malpractice claim.

Finally, the Plaintiff also appears to attempt to state a cause of action pursuant to a consent decree in *United States v. Lake County, Indiana, et al.*, 2:10-CV-476-TLS (N.D. Ind. March 7, 2019). *See* (Pl.'s Compl. 5, ¶ 9.) This claim is unpersuasive as the settlement agreement between those parties expressly provided that "[n]o person or entity is intended to or shall be a third-party beneficiary of the terms, conditions or provisions of this Agreement for purposes of any civil, criminal, or administrative action." (2:10-CV-476-TLS, Settlement Agreement, ECF No. 9, at 7 ¶ 11.) Thus, no private cause of action exists for the Plaintiff's purported claims.

Accordingly, the Court GRANTS the Defendants' Correctional Health Indiana, Inc. and William Forgey, M.D. Motion to Dismiss for Failure to State a Claim [ECF No. 18] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against them.

## C. Defendants City of Hammond and James Lietz

The Plaintiff alleges that Defendant James Lietz maliciously filed a complaint that falsely accused the Plaintiff of murder, which resulted in the Plaintiff being "falsely arrested, imprisoned, and prosecuted." (Pl.'s Compl. pp. 2–3, ¶¶ 8–15.) The Plaintiff also alleges that Defendant Lietz "accessed the Spillman & Clear system" and manipulated the data therein. (*Id.* p. 2, ¶ 11.) The Plaintiff alleges that Lietz was an employee and agent of the City of Hammond. (*Id.* p. 2, ¶ 8.)

The Defendants argue that the Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Defendants argue that the City of Hammond's role is limited to its status as Defendant Lietz's employer and that, pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978), a municipality cannot be held liable for alleged constitutional torts purportedly committed by its employees under a theory of respondeat superior. The Defendants also argue that the Plaintiff has not pled a claim for relief regarding the inadequate care and conditions in the Lake County Jail. The Plaintiff did not file a response.

*Monell* liability is not a form of respondeat superior; instead a municipality can only be held liable as an entity under § 1983 "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. at 694. The municipality may be held liable under § 1983, if, among other things: "(1) it has a permanent and well-settled municipal custom or practice that, although not authorized by official law or policy, was the moving force behind the plaintiff's constitutional injury; or (2) an individual with final policy-making authority for the municipality (on the subject in question) caused the constitutional deprivation." *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009). The Plaintiff has not pled any such allegations and accordingly fails to state a claim against the City of Hammond.

As discussed above related to other defendants, the Plaintiff's conclusory statements regarding Defendant Lietz's liability for the alleged medical malpractice fail to state a claim for relief. The Plaintiff pleads nothing more regarding Defendant Lietz that would survive the Defendants' Motion to Dismiss. Likewise, the Plaintiff's false arrest and false imprisonment claims are barred by the statute of limitations. Though Lietz did not argue that the statute of limitations bars the Plaintiff's claims, the Court may dismiss claims when "a valid affirmative

defense is so plain from the face of the complaint that the suit can be regarded as frivolous."
*Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002). As indicated above, the Plaintiff's false arrest and false imprisonment claims are barred by the statute of limitations. The Plaintiff's federal and state malicious prosecution claims fail on the basis that the Plaintiff did not state a claim against these Defendants.

Accordingly, the Court GRANTS Defendants' City of Hammond and James Lietz Motion to Dismiss [ECF No. 20] and DISMISSES WITHOUT PREJUDICE the Plaintiff's malicious prosecution, medical malpractice, and assault claims against them and DISMISSES WITH PREJUDICE the Plaintiff's false arrest and false imprisonment claims against them.

**D.     42 U.S.C. § 1988 Claim**

The Plaintiff also alleges that his Complaint is brought pursuant to 42 U.S.C. § 1988. (Compl. 1, ¶ 2). However, § 1988 does not provide an independent cause of action. *Moor v. Cty. of Alameda*, 411 U.S. 693, 702 (1980). As such, the Court DISMISSES the Plaintiff's claims to the extent they are purportedly brought under 42 U.S.C. § 1988 against all Defendants, including Defendant John Buncich.

**E.     Defendants' Requests for Dismissal with Prejudice and Entry of Final Judgment**

Defendants Correctional Health Indiana, Inc., William Forgey, M.D., City of Hammond, and James Lietz request that the Court enter a final and appealable order dismissing the Plaintiff's case with prejudice as to them pursuant to Rule 54(b). Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a

distinct claim has been fully resolved with respect to all parties." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004)). Rule 54(b) authorizes a district court to enter final judgment on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine—but in the sense of involving different facts. *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (explaining that, unless the facts are different, the appellate court would have to go over the same ground when the judgment terminating the entire case is appealed); *see also Lottie*, 408 F.3d 938–39 ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court.").

"If there is a great deal of factual or legal overlap between the counts, then they are considered the same claim for Rule 54(b) purposes." *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain in the district court, where 'separate' means having minimal factual overlap." *Lottie*, 408 F.3d at 939. "These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Factory Mut. Ins. Co.*, 392 F.3d at 924. This rule is properly "employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court." *Id.* In deciding whether the enter a Rule 54(b) judgment, a court should balance the judiciary's interest in unified review against a party's interest in immediate appeal. *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

The Court cannot grant the Defendants' requests. As a preliminary matter, none of the Defendants followed adhered to Northern District of Indiana Local Rule 7-1(a) and filed the

15

Motions separately or noted it in the caption to their Motions to Dismiss. Second, none of the Defendants presented any argument as to why a dismissal pursuant to Rule 54(b) would be appropriate, given the potential for factual and legal overlap between the parties, as Defendant Buncich has yet to have the claims against him dismissed. Accordingly, the Court denies the request made under Rule 54(b).

## CONCLUSION

Based on the foregoing, the Court:

1. DISMISSES WITH PREJUDICE the Plaintiff's 42 U.S.C. § 1988 claim against all Defendants.

2. GRANTS Defendant's Jamie Harris Motion to Dismiss for Failure to State a Claim [ECF No. 14] and DISMISSES WITH PREJUDICE the Plaintiff's federal and state claims alleging false arrest and false imprisonment against Defendant Harris and DISMISSES WITHOUT PREJUDICE the Plaintiff's federal and state malicious prosecution, medical malpractice, and assault claims against Defendant Harris.

3. DENIES as moot Defendant's Jamie Harris Motion for Summary Ruling [ECF No. 24];

4. GRANTS Defendants' Correctional Health Indiana, Inc. and William Forgey, M.D. Motion to Dismiss for Failure to State a Claim [ECF No. 18] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against these Defendants.

5. DENIES as moot Defendants' Correctional Health Indiana, Inc. and William Forgey, M.D. Motion for Summary Ruling [ECF No. 22];

6. GRANTS Defendants' City of Hammond and James Lietz Motion to Dismiss [ECF No. 20] and DISMISSES WITH PREJUDICE the Plaintiff's claims against City of Hammond, DISMISSES WITH PREJUDICE the Plaintiff's federal and state false arrest and false imprisonment claims against Defendant Lietz, and DISMISSES WITHOUT PREJUDICE the Plaintiff's federal and state malicious prosecution claims, medical malpractice, and assault claims against Lietz; and

7. DENIES as moot Defendants' City of Hammond and James Lietz Motion for Summary Ruling [ECF No. 23];

This case remains pending only as to the federal and state claims against Defendant John Buncich, Sheriff of Lake County, Indiana.

SO ORDERED on June 27, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT